UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JAMES SHEPHERD ET AL.,**

   Plaintiffs,

v.                                          No. 4:23-CV-0826-P

**MICHAEL S REGAN ET AL.,**

   Defendants.

## ORDER

Before the Court is Plaintiffs' Complaint (ECF No. 1), which contains a motion for a temporary restraining order ("TRO"). Because Plaintiffs fail to provide sufficient notice, do not meet the requirements of Rule 65(b)(1)(B), and failed to file a certificate of conference as required by the local rules of this Court, the motion is **DENIED**.

## LEGAL STANDARD

TROs are "extraordinary relief and rarely issued." *Albright v. City of New Orleans*, 46 F. Supp. 2d 523, 532 (E.D. La. 1999). Rule 65 of the Federal Rules of Civil Procedure governs injunctions and restraining orders. Under Rule 65(b)(1) of the Federal Rules of Civil Procedure, the court may issue a TRO without notice to the adverse party or its attorney only if both of the following requirements are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1)(A)–(B).

## ANALYSIS

It appears that Plaintiffs are requesting an ex-parte TRO as they have failed to discuss the issue of notice or provide it sufficiently to Defendants. Indeed, Plaintiffs fail to certify via writing any of the efforts made to give notice to Defendant outside of merely filing service of process via ECF. *See* ECF No. 1 at 49. And given that Plaintiffs' request for a TRO is buried within their extensive Complaint, the automated email to Merrick Garland and other high-level federal employees who get sued every day is not particularized to the degree that would put Defendant on notice as to Plaintiffs' request for immediate injunctive relief. *See id.* Adding to this, the ECF title of Plaintiff's document is "Complaint with Jury Demand" and mentions nothing about injunctive relief.

Plaintiffs also fail to explain the reasons why notice should not be required given the circumstances of this case. Similarly, Plaintiff does not assert that notice to the Defendants would render fruitless further prosecution of the action, nor that Defendants will dispose of evidence if given notice. The Court therefore concludes that Plaintiffs' request for an ex-parte TRO fails to meet the requirements of Rule 65(b)(1)(B).[1]

## CONCLUSION

For these reasons, Plaintiffs' request for a TRO is **DENIED**. The Court, however, finds that expedited briefing on the preliminary injunction sought by Plaintiffs is warranted. As such, it is **ORDERED** that Defendants shall file their response to Plaintiff's motion for a preliminary injunction **on or before August 17, 2023.**[2] It is further **ORDERED** that Plaintiffs shall file their reply **on or before August 24, 2023**.[3]

---

[1] This would not be an issue if Plaintiffs followed the local rules of this Court which require a certificate of conference to be filed with a TRO. *See* L.R. 7.1(b),(h).

[2] Ordinary page limitations will not apply.

[3] Ordinary page limitations will not apply.

Plaintiffs are also **ORDERED** to make efforts to serve Defendants' counsel with a copy of this order no later than **August 11, 2023**, and shall file a certificate of service reflecting that such service has been made including way it was made.

It is further **ORDERED** that, if a hearing on the preliminary injunction is necessary, it will be held at **9:00 a.m. on Wednesday, August 30, 2023**, in the Fourth Floor Courtroom of the Eldon B. Mahon United States Courthouse, located at 501 W. 10th Street, Fort Worth, Texas.

Pursuant to Federal Rule of Civil Procedure 43(c), the Court intends to decide the motion on the papers unless a hearing is necessary to resolve a controlling fact issue involving a determination of witness credibility. *See, e.g.*, *FSLIC v. Dixon*, 835 F.2d 554, 558–59 (5th Cir. 1987); *E.E. Maxwell Co. v. Arti Decor Ltd.*, 638 F. Supp. 749, 751 n. 3 (N.D. Tex. 1986). The Court will notify the parties whether a hearing will be held after reviewing all the submissions.

**SO ORDERED** on this **10th day of August, 2023.**

_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE