UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES SHEPHERD, et al., | § | |
|    *Plaintiffs*, | § | |
| v. | § | **CIVIL CAUSE NO.** |
| | § | **4:23-cv-826** |
| ENVIRONMENTAL PROTECTION AGENCY, et al., | § | |
|    *Defendants.* | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTION TO EVIDENCE**

Plaintiffs herein respond to the EPA's *Defendants' Evidentiary Objections to Plaintiffs' Reply in Support of Plaintiffs' Amended Motion for Preliminary Injunction* (Doc. 21, "Objections"). Plaintiffs incorporate their *Reply* (Doc. 20) and *Amended Complaint* (Doc. 14, "Complaint"). Plaintiffs argue that Jim Shepherd is a qualified individual to lay a foundation for Berkey Int'l profit and loss data and has personal knowledge relating to his statements in his declaration as follows:

1. Besides conclusory statements, the EPA did not explain how any of Shepherd's statements were hearsay. The EPA did not demonstrate that the statements were out-of-court statements offered to prove the truth of the matter asserted.

2. "There is no requirement that the witness who lays the foundation be the author of the record or be able to personally attest to its accuracy." *U.S. v. Brown*, 553 F.3d 768, 792 (5th Cir. 2008). "A qualified witness is one who can explain the record keeping system of the organization and vouch that the requirements of Rule 803(6) are met." *Id.*

3. The statements by Jim Shepherd in his declaration in paragraph 1 are based on personal knowledge showing his state of mind that that he believes that many dealers are suffering business losses as a direct result of the stop orders. His assertions are based on his conversations with his dealers and should not be excluded under FRE 602, because a witness's testimony about what he concluded from conversations is not hearsay. "It would be impractical to require a witness to recall verbatim a conversation between himself and another. The Rules provide that the witness need

only have personal knowledge of the matter at issue." *Middlebrook v. State*, 803 S.W.2d 355, 359 (Tex. App.--Fort Worth 1990). "[A]n affiant's acknowledgment of the sources from which he gathered his knowledge does not violate the personal knowledge requirement." *Teal v. State*, 230 S.W.3d 427, 432 (Tex. App.--San Antonio 2007). *See also Grotjohn Precise Connexiones Int'l, S.A. v. JEM Fin., Inc.*, 12 S.W.3d 859, 866 (Tex.App.-Texarkana 2000, no pet.) (affidavit that referred to a personal investigation of matter contained in affidavit, along with conversations, dealings and meetings, established affiant's personal knowledge). "Using an out-of-court utterance as circumstantial evidence of the declarant's knowledge of the existence of some fact, rather than as testimonial evidence of the truth of the matter asserted, does not offend the hearsay rule." *U.S. v. Parry*, 649 F.2d 292, 295 (5th Cir. 1981).

4. Further, the statements by Jim Shepherd in his declaration in paragraph 2 are based on personal knowledge of business conditions relating to NMCL and management of the JBS Trust. Therefore, they should not be excluded under FRE 602. As he explains in his first declaration, Jim Shepherd is trustee of the JBS Trust and owner of majority of the partnership interest of NMCL, and president of Transglobal Management, LLC and Berkey Int'l. Berkey Int'l pays royalties to the trust directly relating to the Berkey records. Exh. E. *See Sealed Declaration of Jim Shepherd; see also Plaintiffs Additional Briefing.* Jim Shepherd has regularly received and managed these payments for the trust and originate as a direct percentage of Berkey Int'l's gross sales. Jim Shepherd has personal knowledge of the records due to managing the payments to the Trust based off of the sales information from Berkey Int'l and as president of Berkey Int'l. *Id.* Based on these facts, the Court can and should accept that James Shepherd can explain the record keeping system of the organization and vouch that the requirements of Rule 803(6) are met.

5. The data presented are from records made in the regular course of business between Berkey Int'l and the JBS Trust, in addition to Jim Shepherds close relationship with Berkey Int'l as CEO of NMCL and President of Berkey Int'l. The objection that the data was created for this litigation

is incorrect. The *data* was not created for litigation; only the *presentation* of that data in tabular form was arranged for its inclusion in the exhibit attached to the Reply.

6.     The EPA's conclusory statements do not show that the source of information or methods or circumstances of preparation indicate a lack of trustworthiness. See Rule 803(6)(e).

Plaintiffs request the Declaration of James "Jim" Shepherd and its attachments to be considered by the Court. The statements made in the declaration are based on Shepherd's personal knowledge. As his declaration states, the attachment for the Berkey Int'l profit and loss records are based on his personal knowledge and admissible pursuant to Rule 803(6).

Respectfully submitted,

*/s/Warren V. Norred*
Warren V. Norred
**Norred Law, PLLC**
Texas Bar Number: 24045094
warren@norredlaw.com
515 Border St.
Arlington, TX 76010
(817) 704-3984 (Office)
(817) 524-6686 (Fax)
*Counsel for Plaintiffs*

# I. CERTIFICATE OF SERVICE

I certify that on Tuesday, September 15, 2023, I filed this reply with the Clerk of the Court through the ECF system, which will send notification of such filing to the following by email to Andrew Coghlan, Shari Howard, and Mark Walters, at the addresses shown below:

> TODD KIM
> Assistant Attorney General Environment & Natural Resources Division
> Andrew Coghlan (CA Bar. No. 313332)
> Shari Howard (IL Bar No. 6289779)
> Mark Walters (TX Bar No. 00788611)
> United States Department of Justice
> Environment & Natural Resources Division
> Environmental Defense Section
> P.O. Box 7611; Washington, D.C. 20002
> Tel: (202) 598-9407
> Fax: (202) 514-8865
> andrew.coghlan@usdoj.gov
> shari.howard@usdoj.gov
> mark.walters@usdoj.gov
> *Attorneys for Federal Defendants*

I am serving this Reply to the individual defendants through the EPA's counsel:

> Christine Tokarz, FIFRA Inspector, EPA, Region 8,
> tokarz.christine@epa.gov
> David Cobb, Section Supervisor, Region 8, cobb.david@epa.gov
> Carol Kemker, Region 4, kemker.carol@epa.gov
> Keriema Newman, newman.keriema@epa.gov

> */s/Warren V. Norred*
> Warren V. Norred